IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRCT OF DELAWARE

| | | |
|---|---|---|
| LAUREN MCCLAIN | § | C.A. NO. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY OF TWELVE DEMANDED |
| | § | |
| DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROLS, | § | |
| | § | |
| And | § | |
| | § | |
| THE DELAWARE DIVISION OF PARKS AND RECREATION, | § | |
| | § | |
| and | § | |
| | § | |
| BRIAN MCKINLEY, individually and in his official capacity, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

**NOW COMES** the Plaintiff, Lauren McClain, by and through her undersigned counsel, and makes the following complaint against Defendants under 42 U.S.C. §1983 for use excessive of force as a violation of her civil rights and of Delaware state tort claims constituting negligence, assault, battery, and the intentional infliction of emotional distress, to wit the Plaintiff avers the following:

## JURISDICTION

1. This is an action brought pursuant to 42 U.S.C. §1983 to redress the

deprivation under color of law of the rights, privileges, and immunities secured to the Plaintiff by the Constitution and the laws of the United States.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(c), and 28 U.S.C. §1367 under principles of supplement jurisdiction for all State Law Claims.

## PARTIES

3. Plaintiff, Lauren McClain, is an adult individual, and at all times pertinent hereto has resided at 201 Manchester Way, Middletown, DE 19709.

4. Defendant, the Department of Natural Resources and Environmental Controls, is an administrative agency of the State of Delaware, and as such, service can be effectuated upon Carl C. Danberg, Esquire, Attorney General of the State of Delaware, Department of Justice, 820 North French Street, Wilmington, DE 19801.

5. Defendant, Delaware Division of Parks and Recreation, is part of The Delaware Department of Natural Resources and Environmental Controls of the State of Delaware, and as such, service can be effectuated upon Carl C. Danberg, Esquire, Attorney General of the State of Delaware, Department of Justice, 820 North French Street, Wilmington, DE 19801.

6. Defendant Brian McKinley is an adult individual, and was at all times herein mentioned, an officer of the Division of Parks and Recreation within the Department of Natural Resources and Environmental Controls, acting in such

capacity as the agent, servant and employee of the Division of Parks and Recreation and resides and can be served at 1068 Howell School Road, Bear, DE 19701. He is sued in both his individual and official capacity.

## COUNT ONE: 42 U.S.C. §1983 CLAIM

7. At all times relevant hereto, Defendant McKinley was acting under color of State Law, was on duty acting under the color of law as an officer of the Division of Parks and Recreation.

8. At all times pertinent herein, Defendant McKinley was acting as an officer of the Division of Parks and Recreation under the Department of Natural Resources and Environmental Controls, and acting within his official capacity.

9. At all times relevant hereto, Plaintiff McClain was unarmed and helpless and in no way posed a threat to any Defendant's safety or to the safety of others.

10. On or about August 5, 2004, at approximately 8:00 a.m., Plaintiff was operating a motor vehicle along the roadways of Lums Pond State Park.

11. On or about August 5, 2004 at approximately 8:00 a.m., Defendant McKinley observed Plaintiff operating a motor vehicle on the roadways of Lums Pond State Park, and attempted to effectuate a traffic stop for an alleged speeding violation.

12. Upon information and belief, Defendant McKinley, pulled his vehicle into the

traffic lane and activated his siren and flashing lights.

13. Plaintiff, believing Defendant McKinley wanted to pass her, slowed to allow Defendant to pass since no shoulder was available for her to pull over.

14. Plaintiff soon realized Defendant McKinley did not intend to pass her and in fact, desired to stop her.

15. Plaintiff then pulled slowly into an adjacent parking area, and attempted to pull into a parking space.

16. At this time, and without further provocation, Defendant McKinley accelerated his vehicle and attempted to overtake Plaintiff, but did so by swerving off the roadway and then speeding across a grassy median and collided into the driver's side door of Plaintiff's vehicle, physically pushing her car sideways across the parking space several feet.

17. Defendant McKinley, while in his position as an officer for the Division of Parks and Recreation, used excessive force to effectuate the seizure of Plaintiff and her vehicle in violation of her Fourth Amendment Rights under the United States Constitution to be free from such unreasonable seizure.

18. As a result of the conduct of Defendant McKinley in his official capacity as a uniformed officer of the Division of Parks and Recreation, Plaintiff McClain was terrorized in violation of her constitutional rights to be free and secure in her person from unreasonable search and seizure, and not be deprived of her liberty or property without due process and equal protection which rights are guaranteed to her by the Constitution and by the First, Fourth and Fourteenth

Amendments and 42 U.S.C. §1983 and such violations resulted in physical and mental injuries, some of which continue to the present day and Plaintiff has greatly suffered by the deprivation of her legal rights.

**WHEREFORE**, Plaintiff requests relief in the form of monetary and punitive damages for the violation of her civil rights by Defendants.

## COUNT TWO: NEGLIGENCE

19. Plaintiff repeats and incorporates all averments above as if fully set forth herein.

20. Defendant McKinley had a duty as a peace officer and as an officer of the Division of Parks and Recreation to uphold Plaintiffs constitutional rights and refrain from the use of excessive force.

21. The breach of Defendant McKinley's duty to the Plaintiff was the proximate and actual cause of injuries to Plaintiff.

22. Defendant McKinley's use of excessive force in the performance of his duties constitutes gross negligence, in that Defendant McKinley struck Plaintiff's vehicle while Plaintiff was stopped or attempting to stop at the instruction of a Peace Officer and resulted in extensive damage to the vehicle Plaintiff was operating, as well as resulted in physical and mental injuries to Plaintiff, some of which continue to the present day.

23. The aforesaid action of Defendant McKinley was intentional, and/or the product of gross and wanton negligence, which showed a deliberate

indifference to the welfare of Ms. McClain in one or more of the following respects:

    a. Failing to properly perceive Plaintiff's attempt to obey the peace officer and pull over at his direction;

    b. Striking Plaintiff's vehicle while moving and while attempting to obey the peace officer and pull over at his direction;

    c. Causing physical injury to Plaintiff McClain;

    d. Striking the vehicle and pushing it several feet across a paved road and causing property damage;

    e. Failing to appropriately consider the possibility of injury to the Plaintiff;

    f. Verbally assaulting and insulting Plaintiff after impact;

24. The harm which Plaintiff was suffered was a direct result of the clearly excessive intentional force used by Defendant McKinley; the excessiveness of the force was objectively unreasonable in light of the facts and circumstances at the time.

25. As a result of the actions of Defendant McKinley, Plaintiff was forced to suffer:

    i. Physical injury;

    ii. Injury to property;

    iii. Loss of wages;

    iv. Consequential and medical damages;

     v. Gross emotional distress, harm, anguish, insecurity, damage to self-esteem and self-worth, shame and humiliation.

     vi. Insecurity and loss of sleep

Some of these damages may be permanent.

**WHEREFORE**, Plaintiff requests relief in the form of monetary damages for Defendants' negligence.

### COUNT THREE: ASSAULT AND BATTERY

26. Plaintiff repeats and incorporates all averments above as if fully set forth herein.

27. Defendant McKinley accelerated his vehicle across the grass to intercept Plaintiff's vehicle and approached Plaintiff's vehicle with that of his own and directed his vehicle to Plaintiff's vehicle toward her driver side door, thereby placing Plaintiff in fear of an imminent unwelcome contact.

28. Defendant McKinley acted with the intent of striking the motor vehicle driven by Plaintiff with his own.

29. Defendant McKinley's intentional act of striking the Plaintiff with his motor vehicle was harmful to her and constitutes an Assault and a Battery.

**WHEREFORE**, Plaintiff requests relief in the form of monetary damages for Defendants' assault and battery.

## COUNT FOUR: INTENTIONAL INFLICTION OF

## EMOTIONAL DISTRESS

30. Plaintiff repeats and incorporates all averments above as if fully set forth herein.

31. Defendant McKinley's act of accelerating off the road way and intentional striking of Plaintiff's motor vehicle is both extreme and outrageous given the surrounding circumstances.

32. Defendant McKinley intentionally chose to use an unreasonable and excessive amount of force and collide with Plaintiff's motor vehicle in order to frighten and intimidate her.  As a result of the incident, Plaintiff has suffered acute emotional and psychological harm and has needed to pursue psychiatric treatment.

33. Defendant McKinley's outrageous intentional conduct caused severe emotional harm to the Plaintiff constituting an intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff requests relief in the form of monetary damages for Defendants' intentional infliction of emotional distress.

34. Defendant unreasonably and intentionally, while on duty as an officer for the Division and under color of law, used an excessive amount of force in the process of effectuating a traffic stop on Plaintiff that caused significant harm

to Plaintiff, that constituted gross negligence in performance of his duty to Plaintiff, that constituted assault toward Plaintiff, that constituted battery toward Plaintiff and that constituted the intentional infliction of emotional distress on Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Court grant judgment for Plaintiff and against the Defendants, the Department of Natural Resources and Environmental Controls, the Division of Parks and Recreation and Brian McKinley, jointly and severally, for compensatory and punitive damages for Defendants' gross negligence, assault and battery of Plaintiff and for the intentional infliction of emotional distress upon Plaintiff and for violation of Plaintiff's civil rights and for, court costs, attorney's fees and for such other relief as is just and appropriate.

                                             LACY E. HOLLY, III, P.A.


                                             __/s/ Lacy E. Holly, III_____
                                             Lacy E. Holly, III, Esquire
                                             Bar ID #:  3002
                                             603 Main Street
                                             P.O. Box 700
                                             Odessa, DE 19730
                                             (302) 376-5850
                                             (302) 449-1992 Fax
                                             Attorney for Plaintiff

Dated: 8/4/06

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

06- 484

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lauren McClain

## DEFENDANTS
Department of Natural Resources & Environmental Controls

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lacy E. Holly, III, PA, 603 Main St., P.O. Box 700, Odessa, DE 19730
302-376-5850

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause: excessive force to effectuate a seizure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
NONE
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 8/4/06
SIGNATURE OF ATTORNEY OF RECORD: [signature] Holly III

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06- 484

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___4___ COPIES OF AO FORM 85.

_____                _____
(Date forms issued)                    (Signature of Party or their Representative)

                                       _____
                                       (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action